```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```
_____
WILLIAM J. MACKEY,

                      Plaintiff,          06-CV-6655T

           v.                             **DECISION**
                                                **and ORDER**

JO ANNE B. BARNHART, Commissioner
of Social Security

                      Defendant.
_____

## **INTRODUCTION**

Plaintiff William J. Mackey ("Mackey") brings this action pursuant to Title II of the Social Security Act ("the Act"), § 201 et. seq. (codified at 42 U.S.C. § 401 et. seq.) claiming that the Commissioner of Social Security ("Commissioner") improperly denied his application for disability benefits.[1] Mackey alleges that the decision of an Administrative Law Judge ("ALJ") who heard his case was erroneous because it was not supported by the substantial evidence contained in the record.

The Commissioner moves for judgment on the pleadings on grounds that the ALJ's decision was correct, was supported by substantial evidence, and was made in accordance with applicable law. Defendant opposes this motion.

---

[1] This case (formerly civil case 04-CV-0201-E(Sr)) was transferred to the undersigned by Order dated December 27, 2006 by the Honorable Richard J. Arcara, United States District Court for the Western District of New York.

**BACKGROUND**

Plaintiff filed his application for disability insurance benefits on September 30, 2000. The application was denied initially and on reconsideration. Plaintiff then requested an administrative hearing which was held on May 29, 2002. Plaintiff, represented by an attorney, appeared before ALJ Marilyn D. Zahm who considered the case *de novo* and, on September 26, 2002, found that the plaintiff was not under a disability. Thereafter, Mackey's appeal of the ALJ's decision to the Social Security Appeals Board was denied, and on March 26, 2004, plaintiff filed this action.

**DISCUSSION**

I.  Jurisdiction and Scope of Review

42 U.S.C. § 405(g) grants jurisdiction to district courts to hear claims based on the denial of Social Security benefits. Additionally, the section directs that when considering such a claim, the court must accept the findings of fact made by the Commissioner, provided that such findings are supported by substantial evidence in the record. Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Consolidated Edison v. NLRB, 305 U.S. 197, 229 (1938). Section 405(g) thus limits the court's scope of review to determining whether or not the Commissioner's findings were supported by substantial evidence. See, Monguer v. Heckler, 722 F.2d 1033, 1038 (2d Cir. 1983)

(finding that the reviewing court does not try a benefits case *de novo*).  The court is also authorized to review the legal standards employed by the Commissioner in evaluating the plaintiff's claim.

The court must "scrutinize the record in its entirety to determine the reasonableness of the decision reached." Lynn v. Schweiker, 565 F.Supp. 265, 267 (S.D. Tex. 1983) (citation omitted).  Defendant asserts that her decision was reasonable and is supported in the record, and moves for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Under Rule 12(c), judgment on the pleadings may be granted where the material facts are undisputed and where judgment on the merits is possible merely by considering the contents of the pleadings. Sellers v. M.C. Floor Crafters, Inc., 842 F.2d 639 (2d Cir. 1988). If, after a review of the pleadings, the court is convinced that "the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," judgment on the pleadings may be appropriate.  See, Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Because the court determines that the findings of the Commissioner are supported by substantial evidence, judgment on the pleadings is hereby granted in favor of the defendant.

> II. The Commissioner's decision to deny Plaintiff benefits is supported by substantial evidence on the record.

The ALJ made the determination based on the evidence before her that plaintiff did not suffer from a disability under the

Social Security Act. A disability is defined by 42 U.S.C. § 423(d) as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months ...." 42 U.S.C. § 423(d) (1991). Specifically, the ALJ found that while plaintiff suffered back, neck, and shoulder pain, those conditions did not rise to the level of an impairment under the Social Security Regulations.

In so holding, the ALJ properly performed the five-step sequential evaluation of plaintiff's condition to determine that plaintiff was not disabled. See 20 C.F.R. §§ 404.1520, 416.920. The ALJ determined that the plaintiff was not engaged in substantial gainful employment; that plaintiff had an impairment or combination of impairments that were severe conditions; that plaintiff's shoulder, back, and neck pain-either alone or in combination with his other impairments-did not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4; that plaintiff could no longer perform the functions of his previous employment; and that plaintiff retained the functional residual capacity to perform jobs that exist in significant numbers in the national economy. In doing so, the ALJ properly evaluated the medical record, and gave appropriate weight

to the opinions of plaintiff's treating physicians and examining physicians.

The assessment of a treating physician is given controlling weight if is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and [it] is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(d)(2); see Green-Younger v. Barnhart, 335 F.3d 99, 106 (2d Cir. 2003); Clark v. Comm'r of Soc. Sec., 143 F.3d 115, 188 (2d Cir. 1998). The ALJ may not arbitrarily substitute her own judgment for the treating physician's competent medical opinion. See Rosa v. Callahan, 168 F.3d 72, 79 (2d Cir. 1999). The "treating physician rule" does not apply, however, when the treating physician's opinion is inconsistent with the other substantial evidence in the record, such as the opinions of other medical experts. Halloran v. Barnhart, 362 F.3d 28, 32 (2d Cir. 2004); see also Veino v. Barnhart, 312 F.3d 578, 588 (2d Cir. 2002).

When the treating physician's opinion is not given controlling weight, the ALJ must consider various "factors" to determine how much weight to give to the opinion. 20 C.F.R. § 404.1527(d)(2). These factors include: (i) the frequency of examination and the length, nature, and extent of the treatment relationship; (ii) the evidence in support of the treating physician's opinion; (iii) the consistency of the opinion with the record as a whole; (iv) whether

the opinion is from a specialist; and (v) other factors brought to the SSA's attention that tend to support or contradict the opinion. (Id.). The ALJ must also set forth her reasons for the weight assigned to the treating physician's opinion. (Id.).

Plaintiff argues that the ALJ did not adequately consider plaintiff's statements regarding his condition in light of all the evidence. The record shows that the ALJ did take into account plaintiff's statements regarding his limitations and weighed those statements against the evidence and concluded that plaintiff's claims were not supported by the substantial evidence on the record. A determination of disability requires more than mere inability to work without pain. See Dumas v. Schweiker, 712 F.2d 1545, 1552 (2d Cir. 1983). An individual can experience pain, and yet may not be so severely impaired as to meet the stringent test for disability imposed by the Act. Torres-Rosas v. Bowen, 678 F. Supp. 420, 424 (S.D.N.Y. 1987) (citations omitted).

The record reveals that plaintiff was capable of performing all work that does not include lifting over ten pounds, overhead lifting with the right upper extremity, repetitive use of the right shoulder, flexing or extending the neck to the extremes, or repetitive bending. (Tr. 30). Although a May 2000 lumbar spine MRI revealed degenerative disc disease, there was no evidence of a disc herniation. (Tr, 180, 243). Also, right shoulder x-rays were "fairly unremarkable." (Tr. 358). A November 2000 lumbar spine MRI

was essentially normal. (Tr. 356). A February 2001 cervical spine MRI revealed normal vertebral alignment and no evidence of stenosis at C3/4 and only mild stenosis at C4/5. (Tr. 311). Throughout the relevant time period, plaintiff had a normal gait and station, no muscle atrophy, and full ranges of motion, reflexes, and strength. (Tr. 180, 198, 203, 264, 268, 280-86, 330, 349, 354-58, 377).

Plaintiff's treating physicians support the ALJ's finding regarding plaintiff's residual functional capacity ("RFC"). Dr. Moreland recommended plaintiff return to light duty work. (Tr. 180). Dr. Dina recommended that plaintiff return to his "relatively sedentary" job. (Tr. 357). Dr. Stegemann opined on two occasions that plaintiff was employable and only restricted him to "limited overhead use, no repetitive use of the shoulder, and a lifting limit of ten pounds." (Tr. 359). Dr. Choudri recommended that plaintiff "do light duty work that does not involve repeated bending or lifting more than ten pounds." (Tr. 350).

Plaintiff's testimony and daily activities also did not support his statements regarding the severity of his symptoms. Plaintiff certified that he was able to do work that was not too strenuous and did not require much bending or lifting while he collected unemployment insurance benefits for six months after he claimed he was disabled. (Tr. 24, 523, 524). Plaintiff further testified that he swept, shopped, prepared food, drove a car on a daily basis, and mowed the lawn. (Tr. 520, 525, 528-29). He also testified that he

was able to lift up to forty pounds and carry up to twenty pounds. (Tr. 532).

The ALJ recognized that the plaintiff did experience pain and she properly determined that his ability to work was limited, as reflected in her RFC determination.

Substantial evidence exists in the record which supports the ALJ's conclusion that plaintiff was not disabled during the relevant period, and therefore, the Commissioner's decision is affirmed.

## **Conclusion**

Because the court finds that the Commissioner's decision was made in accordance with the applicable law, and was supported by substantial evidence in the record, the court hereby grants judgment on the pleadings in favor of the defendant. Plaintiff's motion for judgment on the pleadings is denied.

ALL OF THE ABOVE IS SO ORDERED.

                                              s/Michael A. Telesca
                                                 MICHAEL A. TELESCA
                                      United States District Judge

Dated:    Rochester, New York
            January 25, 2007